## Commonwealth v. Dwyer

*J. Matthew Wolfe, assistant counsel,* for the Commonwealth.

*Edward A. Savastio,* for defendant.

DIGGINS, *J.,* June 25, 1985 — Currently before this court is an appeal by defendant from an order of the Department of Transportation suspending his driving privileges for a total period of nine months.

The facts of the matter can best be summarized as follows:

1. On or about May 7, 1982, defendant was arrested and charged with the following crimes:

(a) Driving under the influence of alcohol or controlled substances, 75 P.S.C. §3731, (a) (1);

(b) Disorderly conduct, 18 P.S.C. §5503 (a) (2);

(c) Traffic Control Signals, 75 P.S.C. §3112 (a).

2. On September 9, 1982, defendant was admitted to the Delaware County Accelerated Rehabilitative Disposition Program for first-time offenders.

3. At the time of his entry into the program, defendant turned over to the appropriate probation personnel his operator's license.

4. As a result of the program, defendant's license was suspended from September 9, 1982, for a period of three months, until December 10, 1982.

5. At the time of defendant's arrest, he refused to take the breathalyzer test and as a result was alleged to have violated 75 P.S.C. 1547 and therefore was given an additional six month suspension.

6. At a hearing before this court, Diggins, J., on September 13, 1982, defendant appealed the additional six-month suspension. Defendant's request was denied.

7. On or about January 31, 1983, defendant received a notice from the Department of Transportation requesting the surrender of his motor vehicle license to begin serving his six-month suspension on March 7, 1983.

8. On or about May 11, 1983, counsel for defendant wrote the Department of Transportation on behalf of defendant to clear up the confusion about the surrendered license. Defendant was not driving at the time.

9. In and around the latter part of May 1983, defendant received a letter from Trooper Edward Carpenter of the Pennsylvania State Police Department, again requesting that defendant surrender his license or possibly be fined.

Defendant contends that since he was suspended from his operating privileges for a total of nine months and defendant surrendered his license to the Probation Office at the time he was placed on the ARD program, that the suspension period ran from September 9, 1982, until June 10, 1983.

Defendant further contends that he did not drive during this period and that he did not drive for a substantial period after this time also. The Department of Transportation contends that they returned defendant's license to him by mail after the original three-month suspension. Defendant goes on to further contend that he never received the license from the Department of Transportation, and therefore believed the suspension period to still be running from September 9, 1982.

In Commonwealth v. Turner, 71 Del. Co. 231, (1984), the court held that it would be unjust and unfair to again suspend the license of defendant where he had already refrained from driving, believing the suspension period to still be in effect. The court held:

"All the Commonwealth is entitled to is for the defendant not to drive for six months." Commonwealth v. Turner, supra at 232.

In the case before this court, all that the Commonwealth would be entitled to would be a suspension of defendant's license for a nine-month period. Defendant did turn over his license to the Probation Office at the time he was placed on ARD. He did not drive for a nine-month period. Also, defendant refrained drom driving past this nine-month period for a substantial time because of the confusing nature of the situation.

The Department of Transportation received what they were entitled to, a suspension of defendant's driving privileges for a nine-month period. It would be unjust and unfair to require defendant to refrain from driving for any further amount of time. Therefore, we enter the following

### ORDER

And now, this June 25, 1985, upon review of briefs and testimony, it is hereby ordered and decreed that:

1. Commonwealth's request for the return of defendant's operator's license is denied.

2. Defendant's license is reinstated, based upon the compliance with the nine-month suspension.